IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TKDOMINION LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-393-L** |
| | § | |
| **PHOENIX AEROSPACE, INC.;** | § | |
| **ESTATE OF BILL SUTHERLAND,** | § | |
| **DECEASED; BERNARD KNIFFIN;** | § | |
| **ESTATE OF CHRISTINE G. TINKER;** | § | |
| **ESTATE OF PEGGY NOLLSCH ERWIN;** | § | |
| **JEANNE M. SILKWOOD;** | § | |
| **MARIA M. BRADLEY; PAULA J. DAVIS;** | § | |
| **LINDA C. MYERS; AND GALE A. HOLT**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Phoenix Aerospace, Inc., Estate of Bill Sutherland, deceased, Bernard Kniffin, Estate of Christine G. Tinker, Jeanne M. Silkwood, Maria M. Bradley, Paula J. Davis, Linda C. Myers, and Gale Holt's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay Action, filed March 15, 2012 (Doc. 9).[1] After considering the motion, record, and applicable law, the court *sua sponte* **dismisses** this action **without prejudice** for **lack of subject matter jurisdiction**.

**I.     Background**

Plaintiff TKDominion ("Plaintiff" or "TKDominion") brought this action against Defendants Estate of Bill Sutherland, deceased; Bernard Kniffin; Estate of Christine G. Tinker; Jeanne M.

---

[1] Although Defendant Estate of Peggy Nollsch Erwin does not appear in the title of Defendants' motion, Defendants seek dismissal of Plaintiff's claims against the Estate of Peggy Nollsch Erwin.

**Memorandum Opinion and Order - Page 1**

Silkwood; Maria M. Bradley; Paula J. Davis; Linda C. Myers; and Gale Holt ("Defendants") for failure to consummate an alleged July 7, 2011 agreement to sell the business of Phoenix Aerospace, Inc. to TKDominion. Plaintiff asserts state claims against Defendants for breach of contract, tortious interference of contract, interference with prospective contract, intentional misrepresentation, and fraud. Plaintiff also contends that Defendants should be estopped from avoiding the sale of Phoenix Aerospace, Inc. and seeks specific performance of the sale, an unspecified amount of damages, attorney's fees, and costs of suit.

On May 15, 2012, Defendants moved to dismiss Plaintiff's claims against certain Defendants and this action in its entirety pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Defendants contend that the court lacks subject matter jurisdiction to decide the claims against the Estate of Peggy Nollsch Erwin ("Erwin") and the Estate of Christine Tinker ("Tinker") because any claims against these estates are time-barred. Defendants further assert that the court lacks subject matter jurisdiction over the claims against all of the Defendants because Plaintiff relies solely on diversity of citizenship but cannot satisfy the amount in controversy requirement.

Even if the court has subject matter jurisdiction, Defendants contend that Plaintiff's claims against Bernard Kniffin ("Kniffen"), Erwin, Tinker, and the Estate of Bill Sutherland ("Sutherland") should be dismissed for lack of personal jurisdiction. Defendants further assert that process of service was insufficient as to Sutherland and Tinker. Alternatively, Defendants argue that the case should be dismissed or transferred to the United States District Court for the Western District of Missouri because this is a "local" action over which this court lacks subject matter jurisdiction.

Finally, Defendants contend that the case should be dismissed or stayed in light of parallel proceedings pending in Jackson County, Missouri.

As discussed herein, the court determines that it lacks subject matter jurisdiction over this action but for reasons different from those asserted by Defendants. Specifically, the court *sua sponte* concludes that Plaintiff has not carried its burden of establishing that complete diversity exists between the parties.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*,

408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*").

In determining whether a case should be dismissed for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). All factual allegations of the complaint must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

As Plaintiff has asserted no federal claims and it appears from the evidence submitted by Plaintiff that the amount in controversy exceeds $75,000, the court directs its attention to whether complete diversity of citizenship exists between the parties. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v.*

*Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

Plaintiff's jurisdictional allegations are wholly deficient in that they do not provide sufficient information for the court to determine its or Defendants' citizenship. As a result, the court cannot

determine whether complete diversity exists between Plaintiff and Defendants. Plaintiff alleges that "Plaintiff [is a] resident[] of the State of Texas. Defendants are residents of the States of Missouri, Oklahoma and California." Compl. 3. A person's or entity's residency, however, is not determinative. Plaintiff's other allegations are similarly deficient:

> 1. Plaintiff is a Texas limited liability company with its offices and principal place of business located at 6957 Delrose Drive, Dallas, Dallas County, Texas 75001.
>
> 2. Defendant Phoenix Aerospace, Inc. ("Phoenix Aerospace", the "Company" or "Seller"), is a Missouri corporation that may be served by serving its Vice President and Board of Directors Member, Bernard Kniffin at 220 W. 80th Terrace, Kansas City, Missouri.
>
> 3. Defendant Estate of William C. Sutherland ("Sutherland Estate") is a pending probate proceeding, and may be served by serving the legal representative of said estate, Brian Boos, at the following address: c/o Wallace Saunders, 10111 W. 87th Street Overland Park, KS 66212.
>
> 4. Defendant Bernard Kniffin ("Kniffin") may be served at his place of work at 220 W. 80th Terrace, Kansas City, Missouri.
>
> 5. Defendant Estate of Christine G. Tinker (the "Tinker Estate") is a pending probate proceeding, and may be served by serving the legal representative of said estate.
>
> 6. Defendant Estate of Peggy Nollsch Erwin (the "Erwin Estate") is a pending probate proceeding, and may be served by serving the legal representative of said estate.
>
> 7. Jeanne M. Silkwood ("Silkwood") is a individual who may be served with process at her place of residence at 6906 Eseco Road, Cushing, Oklahoma 74023.
>
> 8. Defendant Maria M. Bradley ("Bradley") is a individual who may be served with process at her place of residence at 1108 Zachary Drive, Moore, Oklahoma 73160.
>
> 9. Defendant Paula J. Davis ("Davis") is a individual who may be served with process at her place of residence at 2010 Taft Street, Sapulpa, OK 74066.
>
> 10. Defendant Linda C. Myers ("Myers") is a individual who may be served with process at her place of residence at 408 Fowler Drive, Duncan, Oklahoma, 73533.

> 11. Defendant Gale A. Holt ("Holt") is a individual who may be served with process at her place of residence at 6212 Lovewood Court, Citrus Heights, California 95621.

*Id.* at 1-2. Plaintiff alleges that it is a limited liability company but fails to address the citizenship of each of its members. Plaintiff alleges that Phoenix Aerospace, Inc. is incorporated in Missouri but fails to state where the corporation's principal place of business is located. Additionally, Plaintiff's Complaint contains no information regarding the citizenship of the "legal representative[s]" of the respective Defendant estates and, for two of the estates, no name or other information is provided for the legal representatives. Finally, with regard to the individual Defendants, Plaintiff again refers to the residences of these Defendants; however, as explained, residency is not synonymous with citizenship.

A court may not guess or speculate as to the citizenship of a party. As the allegations regarding the parties are deficient and do not clearly and affirmatively state the bases for diversity, they fail to establish jurisdiction for diversity purposes. The court therefore lacks subject matter jurisdiction over the action. Dismissal of this action is therefore required. *See Stafford*, 945 F.2d at 805. Because the court has determined that it lacks subject matter jurisdiction, it does not address the other grounds asserted by Defendants in their motion to dismiss.

## IV. Conclusion

For the reasons herein stated, Plaintiff has not carried its burden of establishing that federal question jurisdiction or complete diversity exists between the parties and that this court therefore has subject matter jurisdiction over the action. Accordingly, the court *sua sponte* **dismisses** this action **without prejudice** for **lack of subject matter jurisdiction**.[2]

---

[2] Defendants, alternatively, request the court to transfer this action to the United States District Court for the Western District of Missouri. The court cannot transfer this action pursuant to 28 U.S.C. § 1631 because the proposed

**Memorandum Opinion and Order - Page 7**

**It is so ordered** this 13th day of February, 2013.

                                             _____
                                             Sam A. Lindsay
                                             United States District Judge

---

transferee court is a federal district and thus lacks jurisdiction to entertain this action. Because diversity of citizenship has not been established, no federal district court can entertain this action.